IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CAMERON JEFFERSON, )
)
      Appellant, ) Case No: 13-7031
v. ) September Term 2012
) On Appeal From:
AMERICAN HOME MORTGAGE ) 1:12-cv-00911 (BAH)
SERVICING INC., et al., )
)
      Appellees. )

### APPELLEE PENNYE SUE LATIMER'S
### MOTION FOR SUMMARY AFFIRMANCE

Appellee Pennye Sue Latimer — incorrectly referred to in the Amended

Complaint and appellant Cameron Jefferson's Certificate as to Parties, Rulings &

Cases as Penny Green – by her undersigned attorneys, respectfully moves this

Court for summary affirmance of the Honorable Beryl A. Howell's Memorandum

Opinion and Order dated Feburary 1, 2013, in which the motions to dismiss filed

by Pennye Sue Latimer and Washington Harbor Condominium Association were

granted pursuant to Federal Rule of Civil Procedure 12(b)(1), and Civil Action No.

1:12-cv-00911 (BAH) (the "Underlying Action') was dismissed for lack of

subject-matter jurisdiction.  A copy of the Feburary 1, 2013 Memorandum Opinion

and Order is attached hereto as Exhibit 1.

The merits of the parties' position is so clear that summary affirmance is

proper and justified.  *See Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297

(D.C. Cir. 1987) (citations omitted). Moreover, no benefit will be gained from further brieifng or argument of the issues presented. *See id.* at 298 (citations omitted). As explained in further detail below, the District Court lacked subject-matter jurisdiction over the Underlying Action and properly dismissed it. Accordingly, the February 1, 2013 Memorandum Opinion and Order should be summarily affirmed.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2012, appellant Cameron Jefferson filed his Complaint in Underlying Action, in which he alleged an interest in property located at 3030 K Street NW, Unit 213, Washington, D.C. 20007 and in two garage parking spaces. (Compl. at ¶ 1.). Appellee Pennye Sue Latimer received the Complaint by mail on June 12, 2012. On July 3, 2012, Ms. Latimer filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On July 16, 2012, Appellant filed the Amended Complaint, "modifying the statement of jurisdiction." (Amended Complaint ("Am. Compl.") at p. 1. On July 26, 2012, the Court entered an Order dismissing Ms. Latimer's July 2, 2012 Motion to Dismiss as moot. The Amended Complaint was nearly identical to the Complaint, and the changes made did not correct its deficiencies. Accordingly, on August 2, 2012, Ms. Latimer filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In response to

Ms. Latimer's motion to dismiss, Appellant filed an opposition that alleged new facts, but still failed to establish jurisdiction by the District Court. Appellees American Home Mortgage Servicing, Inc., Shiela Bagheri, and Washington Harbor Condominum Association also filed motions to dismiss the Complaint and the Amended Complaint.

As described in Ms. Latimer's motion to dismiss the Amended Complaint and her reply in further support thereof, Appellant's Amended Complaint revealed that the District Court lacked subject matter jurisdiction over the action. The Amended Complaint also failed to state a claim upon which relief could be granted as to Ms. Latimer.

The February 1, 2013 Memorandum Opinion and Order granted the motions to dismiss filed by Pennye Sue Latimer and Washington Harbor Condominium Association pursuant to Federal Rule of Civil Procedure 12(b)(1), and dismissed the Underlying Action for lack of subject-matter jurisdiction. The motions to dismiss filed by American Home Mortgage Servicing, Inc. and Shiela Bagheri were denied as moot. This appeal followed.

## II.    ARGUMENT

The party claiming subject matter jurisdiction has the burden of establishing that it exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). Appellant claimed that the District Court had subject-matter jurisdiction pursuant

to 28 U.S.C. §§ 1331 and 1332.  *See* Am. Compl. at pp. 1-2.  As the District Court properly held, however, it had neither diversity nor federal question subject-matter jurisdiction.  Because the District Court dismissed the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), review is de novo.  *Barr v. Clinton*, 370 F.3d 1196, 1201 (D.C. Cir. 2004).

> A.   The District Court Correctly Held that it Lacked
>      Subject-Matter Jurisdiction Under 28 U.S.C. § 1331

Appellant claimed that the District Court had subject-matter jurisdiction under 28 U.S.C. § 1331 because "a central issue of this civil law suit is the defendants' combined, willful breach of 22 U.S.C., Section 251 by knowingly entering a residence protected by diplomatic immunity and thereafter continuing to prevent the said resident to access the said premises[.]"  Am. Compl. at pp. 1-2.  The resident to which Plaintiff refers was a sub-tenant "with a diplomatic mission."  *See* Am. Compl. at ¶ 9.

On June 25, 1948, 22 U.S.C. § 251 was repealed, effective September 1, 1948.  Therefore, Appellant failed to allege federal question jurisdiction.  Even had 22 U.S.C. § 251 not been repealed, Plaintiff does not have standing to bring a claim based on diplomatic immunity.  By his own pleading, Plaintiff alleges that his sub-tenant is the person who allegedly is protected by diplomatic immunity.  *See* Am. Compl. at ¶ 9.  Because Plaintiff does not have diplomatic immunity, he does not have standing to bring claims under a statute that purportedly confers or

relates to such immunity.

Although not part of his Amended Complaint, Appellant's opposition to the motion to dismiss cited additional statutes under which he claimed some sort of violation of the privilege of diplomatic immunity. However, none of the statues had any relevance to the facts. Moreover, diplomatic immunity is a defense to the jurisdiction of the courts, and is not a basis to establish jurisdiction or a basis for an affirmative claim. *See Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 683 F.Supp. 2d 1, 11 (D.D.C. 2010) ("With limited exceptions, diplomatic immunity shields foreign persons with diplomatic status from being sued in the courts of this country as prescribed by the Vienna Convention on Diplomatic Relations.") (citations omitted); *see also Rubin v. Islamic Republic of Iran*, 408 F.Supp. 2d 549, 554 (N.D. Ill. 2005) (stating that immunity under the Foreign Sovereign Immunities Act, which includes 28 U.S.C. §§ 1330 and 1602-1611, is an affirmative defense).

Furthermore, "[t]he relevant international treaties on diplomatic and consular immunity make clear that the immunities set forth in those treaties are to benefit states and not individuals." *DeSousa v. Department of State*, 840 F.Supp. 2d 92, 107 (D.D.C. 2012) (citations omitted). It is, therefore, incredible that Appellant alleges that his subtenant could assign to him any rights or standing based on diplomatic immunity when such immunity is not for an individual's benefit and

cannot even be waived by an individual. *See Logan v. Dupuis*, 990 F.Supp. 26, 31 (D.D.C. 1997) (finding that, pursuant to the terms of the Vienna Convention, diplomatic immunity may only be waived by the sending State).

Even if diplomatic immunity provided the basis for a cause of action, Appellant even failed to establish that his subtenant was entitled to diplomatic immunity. The conclusory allegations in the Amended Complaint that the subtenant enjoyed diplomatic immunity did not amount to sufficient factual allegations to overcome a motion to dismiss. *See Manzengo v. Mzengi*, 542 F.Supp.2d 96, 99-100 (D.D.C. 2008) ("A foreign official cannot simply assert diplomatic immunity in order to evade civil jurisdiction or to open a judgment. The 'Vienna Convention . . . premise[s] diplomatic immunity upon recognition by the receiving state.'") (citations omitted); *see also U.S. v. Kuznetsov*, 442 F.Supp. 2d 102, 106 (S.D.N.Y. 2006) ("diplomatic immunity is premised upon recognition by the receiving State, so that no person or government may 'unilaterally assert diplomatic immunity.'") (citations omitted).

Mindful of Appellant's pro se status, the District Court construed the Amended Complaint to assert a claim for the violation of some kind of diplomatic immunity. (Order at 6.) Since no statute applied that would provide Appellant with a private right of action for such a violation, the District Court noted that Appellant was "left to rely upon the general federal cause of action for the

violation of a federal privilege or immunity located at 42 U.S.C. § 1983. That statute, however, only applies to actions taken 'under color of [state law.]'" (*Id.* citing 42 U.S.C. §1983.) The District Court held that the defendants were not state actors and "since any potential theory of recovery in the Amended Complain premised on federal law would require state action, the [Appellant had] failed to state any cognizable claim 'arising under' the Constitution or laws of the United States. (*Id.* at 7.) Accordingly, the District Court correctly determined that it had no basis for subject-matter jurisdiction under 28 U.S.C. § 1332.

> B.    The District Court Correctly Held that it Lacked
>        Subject-Matter Jurisdiction Under 28 U.S.C. § 1332

It appears that Appellant is not raising as an issue the District Court's holding that it lacked subject-matter jurisdiction under 28 U.S.C. § 1332. *See* Appellant's Statement of Issues. Nevertheless, due to Appellant's *pro se* status, we address his assertion in the Amended Complaint that the District Court had subject-matter jurisdiction because "Plaintiff is a resident of Maryland and Defendants are residents of the District of Columbia[.]" Am. Compl. at p. 2.

These allegations are insufficient to establish subject matter jurisdiction. 28 U.S.C. § 1332 ("Section 1332") provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between. . . citizens of different States." 28 U.S.C. § 1332(a). To satisfy Section 1332's requirement of diversity of citizenship, there

must be complete diversity.  A plaintiff cannot simply allege that the parties to the suit reside in different states; he must allege that they are citizens of different states.  *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) ("[A]n allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction." (citation and internal quotation marks omitted; emphasis in original));  *See also* 13E CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3611 (3d ed. 2009) (noting that if residency were the test for citizenship, individuals might too easily "'manufactur[e]' diversity through temporary relocation").

A natural person is a citizen of the state where she or he is "domiciled" — in other words, where she or he has established a "physical presence" and "inten[ds] to remain . . . for an unspecified or indefinite period of time."  *Kroger v. Legalbill.com LLC*, Civil Action No. 04-2189, 2005 WL 4908968, at *3 (D.D.C. Apr. 7, 2005) (citing *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)) (citation and internal quotation marks omitted).  An unincorporated association, on the other hand, "carr[ies] the citizenship of [its] members." *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 178 (D.D.C. 2003).  A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated

and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

The parties to this case are ten natural persons — Plaintiff and the eight individually named defendants, including Ms. Latimer; an unincorporated association — the Washington Harbour Condominium Association; and a corporation — American Home Mortgage Servicing Inc. Plaintiff's Amended Complaint alleges that all of the individual defendants reside in the District of Columbia, but it does not allege that they are citizens of the District. Am. Compl. at p. 2. Similarly, Plaintiff states that he is "a resident of Maryland," but not that he is a citizen of Maryland. *Id.* The Amended Complaint did not name or allege the citizenship of the members of the Washington Harbour Condominium Association, nor did it allege where defendant American Home Mortgage Servicing Inc. is incorporated and maintains a principal place of business. Appellant, therefore, failed to sufficiently allege the citizenship of any party to the Underlying Action.

"Citizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d at 906. Where, as here, a plaintiff has failed to establish diversity of citizenship, this Court cannot exercise subject matter jurisdiction under 28 U.S.C. § 1332. *Id. See also* Federal Rule of Civil Procedure 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, there could be no diversity of citizenship because Ms. Latimer is a citizen of Maryland, having been domiciled in Cabin John, Maryland, since February 1996. *See* Decl. of Defendant Pennye Sue Latimer, attached as Exh. 1 to her Motion to Dismiss. Although Appellant failed to adequately plead his citizenship in Maryland, he presumably is a citizen of Maryland. Accordingly, Appellant could not establish the requisite diversity of citizenship between himself and Ms. Latimer. The District Court, thus, correctly held that "it does not have diversity subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties to this case are not 'citizens of different States.'" (Order at 4.)

C.     The District Court Correctly Held that it Lacked
       Any Other Claims Are Barred by the Rooker/Feldman Doctrine

Although the District Court noted that its conclusions regarding its lack of subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1332 were sufficient to dismiss the Underlying Action, it noted that,

> "to the extent that the plaintiff is contesting the validity or effectiveness of the state-court eviction or foreclosure proceedings that gave possession of the Property to AHMSI, this Court does not have jurisdiction to hear such claims because they wuold constitute a 'collateral attack[] against a state court decision,' which is barred by the well-established *Rooker-Feldman* doctrine.

(Order at 8) (citations omitted). The District Court was correct in this analysis as

well.

III.    CONCLUSION

WHEREFORE, appellee Pennye Sue Latimer respectfully requests that the February 1, 2013 Memorandum Opinion and Order of the District Court be summarily affirmed.

Date:  July 15, 2013

Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (DC Bar # 413163)
Saul Ewing LLP
1919 Pennsylvania Ave, NW
Suite 550
Washington, D.C.  20006
(202) 295-6605 Tel.
(202) 295-6705 Fax.
rgill@saul.com
*Counsel for Appellee*
 *Pennye Sue Latimer*

# <u>CERTIFICATE OF SERVICE</u>

I herby certify that, on this 15th day of July, 2013, a true and correct copy of the foregoing **APPELLEE PENNYE SUE LATIMER'S MOTION FOR SUMMARY AFFIRMANCE** was served by first-class U.S. Mail, postage pre-paid, upon:

Cameron Jefferson
11509 Brigit Court
Bowie, MD  20720
*Pro Se Plaintiff*

And served upon the following by the Court's CM/ECF system:

Jason W. McElroy
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC 20036
*Counsel for Appellee American Home*
 *Mortgage Servicing, Inc.*

Thomas C. Mugavero
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
*Counsel for Appellee Washington Harbour*
  *Condominium Association*

Respectfully submitted,

*/s/ Robert C. Gill*

Robert C. Gill (DC Bar # 413163)
Saul Ewing LLP
1919 Pennsylvania Avenue, N.W.
Suite 550
Washington, D.C.  20006
(202) 295-6605 Tel.
(202) 295-6705 Fax
rgill@saul.com
*Counsel for Appellee Pennye Sue Latimer*