**EXHIBIT 1**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAMERON JEFFERSON, | |
| Plaintiff, | Civil Action No.  12-911 (BAH) |
| v. | Judge Beryl A. Howell |
| AMERICAN HOME MORTGAGE SERVICING INC., *et al.*, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Plaintiff Cameron Jefferson brings this action *pro se* against defendants American Home Mortgage Servicing, Inc. ("AHMSI"), Wilbur Ross, David Applegate, Robert Love, Mark Zeichien, Jordan Dorchunk, Mark Ehrenreich, William Shuler, Pennye Sue Latimer (incorrectly referred to in the Amended Complaint as Penny Green), Sheila Bagheri, and Washington Harbour Condominium Association ("WHCA"), seeking damages totaling $385,000,000.  *See* Am. Pleading & Compl. ("Am. Compl."), ECF No. 6.  Pending before the Court are four separate motions to dismiss by defendants AHMSI, Latimer, Bagheri, and WHCA for, *inter alia*, lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  For the reasons set forth below, the Court dismisses this case for lack of subject-matter jurisdiction.

I.      **BACKGROUND**

On June 5, 2012, the plaintiff filed a *pro se* complaint claiming an interest in the property located at 3030 K Street NW, Unit 213, Washington, D.C. 20007 (the "Property") and two garage parking spaces, numbered 136 and 148.  *See* Compl. ¶ 1, ECF No. 1; *see also* Am. Compl. ¶ 1.  According to the plaintiff, Ceylon Hotel Development Group LLC ("Ceylon Hotel") and Tikiribandara Mayura Bogollagama purchased the Property and the garage parking spaces

1

from an unnamed "seller of record" with a private mortgage loan from lender Steve Hetrick on June 18, 2005.  Am. Compl. ¶¶ 1, 6.  Although the alleged chain of ownership of the Property is not entirely clear from the Amended Complaint or the parties' briefing, it appears that the plaintiff alleges that he was a lender to Ceylon Hotel and Mr. Bogollagama and that the funds used to purchase the Property in the 2005 transaction came from the plaintiff.  *Id.* ¶ 8.

The plaintiff alleges that Mr. Hetrick subsequently obtained an owner-occupied residential mortgage loan, secured against the Property, from AHMSI on May 19, 2006.  *Id.* ¶ 3. The plaintiff further alleges that two non-party AHMSI employees were aware that Mr. Hetrick was not the owner or the occupant of the property at the time, and that they admitted this fact to the plaintiff.  *Id.* ¶¶ 3–4.  In November 2010, Ceylon Hotel allegedly assigned the rights to the Property and the garage parking spaces to the plaintiff, and the plaintiff allegedly paid the balance remaining on the private mortgage to Mr. Hetrick and the unnamed "seller of record." *Id.* ¶ 1–2.  The plaintiff alleges that he was not aware of Mr. Hetrick's mortgage with AHMSI when it took place.  *Id.* ¶ 3.

On June 5, 2009, AHMSI notified Mr. Hetrick and any occupants of the Property that AHMSI was foreclosing on the Property and that they needed to vacate the premises within one month.  *See* Notice of Foreclosure, *AHMSI v. Hetrick*, No. 2009-LTB-021007 (D.C. Sup. Ct. June 5, 2009) (attached as Def. AHMSI's Ex. A, ECF No. 4-1).  Mr. Bogollagama, the apparent tenant of the property at the time, asserted defenses to the eviction action, including that he was the owner of the property.  *See* Am. Compl. ¶¶ 6–7; Def. AHMSI's Ex. D, ECF No. 4-4.  On November 4, 2010, the D.C. Superior Court Landlord and Tenant Branch issued a writ commanding the Marshall of the District of Columbia to take possession of the property in favor of AHMSI.  *See* Def. AHMSI's Ex. E, ECF No. 4-5.

2

The plaintiff alleges that, by enforcing the writ of possession on November 19, 2010, the defendants caused damages to the plaintiff by "breaching a sub-lease to a tenant with Diplomatic Immunity" who allegedly occupied the property at the time.[1] Am. Compl. ¶ 9; *id.* at 6. According to the plaintiff, the foreclosure in 2009 and the eviction in 2010 were enforced "without proper due process of law or notice," and the subsequent sale of the property to Sheila Bagheri was fraudulent. Am. Compl. ¶¶ 9–10. The plaintiff also generally alleges that the defendants "breached [his] right to possession," "breached [his] privacy and right to occupy," and violated the occupancy rights of a sub-lessee "with a diplomatic mission." *Id.* ¶ 9.

## II.   LEGAL STANDARD

When faced with a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a court has "an affirmative obligation to consider whether the constitutional and statutory authority exist" for it to hear the case. *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1092 (D.C. Cir. 1996) (internal quotation marks omitted). For this reason, "the plaintiff's factual allegations in the complaint will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (internal quotation marks omitted). The proponent of jurisdiction bears the burden of proving that jurisdiction exists, *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008), and while "the district court may consider materials outside the pleadings," it must "still accept all of the factual allegations in the complaint as true," *Jerome Stevens Pharm., Inc. v. FDA,* 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citations and internal quotation marks omitted). Although *pro se* litigants are held to less stringent standards than those that are applied to formal pleadings drafted by lawyers, *see, e.g.,*

---

[1] The Amended Complaint does not name the sub-lessee. A letter provided to Court by AHMSI, however, identifies Suzanne Abenghban, a diplomat with the Embassy of Gabon, as the occupant of the property as of November 3, 2010. Def. AHMSI's Ex. J at 4–6, ECF No. 4-10.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

## III.   DISCUSSION

### A.  Lack of Subject-Matter Jurisdiction under 28 U.S.C. § 1332

The plaintiff alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  *See* Am. Compl. at 1–2.  Under § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between, *inter alia*, "citizens of different States."  28 U.S.C. § 1332(a)(1).  For jurisdiction to exist under 28 U.S.C. § 1332, there must be "complete diversity of citizenship." *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *accord Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 n.3 (D.C. Cir. 2006).  In other words, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen*, 437 U.S. at 373.  Moreover, "the citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004).

In his Amended Complaint, the plaintiff states that he is a resident of Maryland and that the defendants are residents of the District of Columbia.  *See* Am. Compl. at 1.  In a sworn declaration submitted in support of her motion to dismiss, however, defendant Latimer avers that she is a "citizen of the State of Maryland" and has been "domiciled" in Cabin John, Maryland, since February 1996.  Decl. of Pennye Sue Latimer ("Latimer Decl.") ¶ 2, ECF No. 5-2.  The plaintiff has not alleged any facts that would contradict Latimer's statements in this regard.  As a result, the Court concludes that it does not have diversity subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties to this case are not "citizens of different States."

**B. Lack of Subject-Matter Jurisdiction under 28 U.S.C. § 1331**

The Supreme Court has long held that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Ex parte Poresky*, 290 U.S. 30, 31 (1933). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Federal Constitution or laws." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)).

In his Amended Complaint, the plaintiff asserts that the diplomatic status of a sub-lessee of the Property supplies a basis for jurisdiction. *See* Am. Compl. at 1. In particular, the plaintiff alleges that:

> a central issue of this civil law suit is the defendants' combined, willful breach of 22 U.S.C., Section 251 by knowingly [sic] entering a residence protected by diplomatic immunity and thereafter continuing to prevent the said resident to access the said premises, and thereafter further transferring the ownership of the said real property without requisite federal notices depriving the Plaintiff's ownership right.

*Id.* at 1–2.[2] In his opposition to defendant AMHSI's motion to dismiss, the plaintiff repeats the claims quoted above and cites eight additional statutes that touch upon diplomatic immunity and foreign-state immunity. *See* Pl.'s Mot. Objecting to Def. American Home Mortgage Servicing

---

[2] 22 U.S.C. § 251 was repealed in 1948. See Pub. L. No. 80-772, §  21, 62 Stat. 683, 862 (1948).

Inc. Mot. to Dismiss ("Pl.'s AHMSI Opp'n") at 1–2, ECF No. 11.[3]  Mindful of the plaintiff's *pro se* status, the Court construes the plaintiff's Amended Complaint, insofar as it asserts any claim "arising under" the Constitution or laws of the United States, to assert a claim for the violation of some kind of privilege of diplomatic immunity.  This is confirmed to some degree by the plaintiff's statement in his briefing that he is alleging "tortious interference and breach of the occupancy by Plaintiff as protected" by the myriad federal statutes discussed above that touch upon diplomatic immunity and foreign-state immunity.  *See id.* at 3.  For a variety of reasons, however, the plaintiff's theory of diplomatic immunity does not provide the Court with subject-matter jurisdiction.

### 1.    *The Defendants Were Not State Actors*

First, to the extent that the plaintiff's Amended Complaint attempts to state a claim for the violation of a privilege or immunity protected by federal law, he has cited no statute that would provide a private right of action for such a violation.[4]  Thus, the plaintiff would be left to rely upon the general federal cause of action for the violation of a federal privilege or immunity located at 42 U.S.C. § 1983.  That statute, however, only applies to actions taken "under color of [state law]."  42 U.S.C. § 1983.

A party charged with the deprivation of a federal right "may fairly be said to be a state actor" for a variety of reasons, including "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

---

[3] None of the eight following statutes cited by the plaintiff have any apparent relevance to the instant facts:  22 U.S.C. §§ 254a, 254d, 4301; 28 U.S.C. §§ 1330, 1604–1605, 1610, 1662.

[4] Considering the allegations in the Amended Complaint, this violation could be as to the purported privileges or immunities of diplomatic immunity or it could also potentially include a claim for a violation of due process.  *See* Am. Compl. ¶ 9 (alleging that defendants "breached Plaintiff's right to possession of the said real property by enforcing a writ of possession without proper due process of law or notice").

Otherwise, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id.* Most relevant to this case, a private party may be considered a state actor when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). As the Supreme Court has clarified, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id.* at 28. Rather, in order to qualify as *state* action, the action complained of must be akin to "the product of a corrupt conspiracy" between the private party and the public official. *Id.*

Although the plaintiff places many conclusory labels on the alleged actions of the defendants (*e.g.*, "tortious interference," "breach of . . . occupancy," "knowingly entering a residence protected by diplomatic immunity"), the only challenged action at the bottom of these characterizations is the enforcement of a writ of possession on the Property. *See* Am. Comp. ¶ 9 (alleging that defendants AHMSI, Latimer, and WHCA "breached Plaintiff's right to possession of the said real property by enforcing a writ of possession"). That action, absent some allegation that any of the defendants were "willful participant[s] in joint action with the State or its agents" who assisted in approving and executing that writ of possession, *see Dennis*, 449 U.S. at 27, cannot constitute state action. Merely alleging that the defendants "resort[ed] to the courts" and were "on the winning side of a lawsuit" does not make them state actors." *Id.* at 28. Therefore, since any potential theory of recovery in the Amended Complaint premised on federal law would require state action, the plaintiff has failed to state any cognizable claim "arising under" the Constitution or laws of the United States. Furthermore, since the plaintiff's purported federal-law claims are "completely devoid of merit as not to involve a federal controversy,'" *Steel Co.*, 523 U.S. at 89, the Court will dismiss this case for lack of subject-matter jurisdiction.

### 2.     *Any Other Claims Are Barred by the Rooker/Feldman Doctrine*

Although the Court's conclusions above are sufficient to dismiss this case, the Court also notes that, to the extent that the plaintiff is contesting the validity or effectiveness of the state-court eviction or foreclosure proceedings that gave possession of the Property to AHMSI, this Court does not have jurisdiction to hear such claims because they would constitute a "collateral attack[] against a state court decision," which is barred by the well-established *Rooker-Feldman* doctrine.  *See In re Sibley*, 564 F.3d 1335, 1340 (D.C. Cir. 2009); *Richardson v. D.C. Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996); *see also D.C. Court of Appeals v.Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923).

For the reasons explained above, the Court concludes that it lacks subject-matter jurisdiction over this action.  Accordingly, it is hereby

**ORDERED** that this case is DISMISSED for lack of subject-matter jurisdiction; and it is further

**ORDERED** that the Defendant Pennye Sue Latimer's Motion to Dismiss Amended Pleading & Complaint, ECF No. 10, is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1); and it is further

**ORDERED** that Defendant Washington Harbour Condominium Association's Motion to Dismiss Amended Complaint, ECF No. 34, is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1); and it is further

**ORDERED** that Defendant American Home Mortgage Servicing, Inc. Motion to Dismiss Plaintiff's Complaint, ECF No. 3, and Defendant Sheila Bagheri's Motion to Dismiss Amended Complaint, ECF No. 18, are DENIED AS MOOT.

**SO ORDERED.**

*This is a final and appealable Order.*

Date: February 1, 2013

/s/ *Beryl A. Howell*

BERYL A. HOWELL
United States District Judge